[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12993
_____

D.C. Docket No. 4:13-cr-10029-JEM-2

UNITED STATES OF AMERICA

Plaintiff - Appellee,

versus

ARIEL ARIAS,
a.k.a. Pichinga
a.k.a. Pajia
a.k.a. Pinguilla
ANTONIO COMIN,
a.k.a. Tony,
DANIEL ROCHELA,
JOSE VALDES DIAZ,
a.k.a. Pepito,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 4, 2016)

Before WILSON, JULIE CARNES, and EBEL,[*] Circuit Judges.

PER CURIAM:

In this consolidated appeal, appellants Ariel Arias, Antonio Comin, Daniel Rochela, and Jose Valdes Diaz separately challenge their various convictions and sentences arising from a 2012 scheme to smuggle aliens into the United States from Cuba. The appellants raise a variety of arguments, most of which overlap. After review of the parties' briefs and the relevant law, and having had the benefit of oral argument, we hold that the district court committed no reversible error. Therefore, we affirm.

Arias, Comin, Diaz, and Rochela all assert that their convictions should be vacated due to insufficient evidence and because the district court erroneously admitted various pieces of evidence. These arguments fail. First, based on the evidence presented at trial, "a reasonable jury could have found [each appellant] guilty beyond a reasonable doubt." *See United States v. Reeves*, 742 F.3d 487, 497 (11th Cir. 2014). Accordingly, the evidence was sufficient to support the appellants' convictions. *See id.* Second, the appellants' evidentiary challenges are unavailing because, even assuming the district court erred in admitting the evidence at issue, such error was harmless. *See United States v. Jiminez*, 224 F.3d 1243, 1250 (11th Cir. 2000).

---

[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

Rochela and Diaz also argue that their conspiracy convictions must be vacated because the conspiracy-related evidence presented at trial materially varied from the allegations in their indictments. However, relief for a material variance requires proof of substantial prejudice, *see United States v. Calderon*, 127 F.3d 1314, 1327 (11th Cir. 1997), which Rochela and Diaz have not demonstrated.

Finally, Rochela and Comin assert that their respective sentences are unreasonable, but we conclude that the district court did not abuse its discretion in sentencing either appellant. *See United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc) (holding that appellate courts review challenges to the reasonableness of a sentence for an abuse of discretion).

**AFFIRMED.**